# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS DIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Civil Case No. 13 C 9237 |
| | ) | Criminal Case No. 02 CR 1129-1 |
| Respondent. | ) | |

## MEMORANDUM OPINION & ORDER

Petitioner Curtis Diggs moves the court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  Diggs challenges his conviction and sentence on two grounds.  He first argues that his counsel was ineffective during plea negotiations for failing "to explain the facts, and law relevant to those facts, with respect to Movant's criminal case."  Second, he argues that his counsel was ineffective at sentencing for failing to object to a prior conviction that was used to classify him as a career offender.  The court concludes that Diggs's motion is time-barred and denies the motion.

### I. BACKGROUND

On November 20, 2002, a grand jury indicted Diggs for: (1) conspiracy to knowingly and intentionally possess with intent to distribute substances containing cocaine base and mixtures and substances containing cocaine in violation of 21 U.S.C. § 841(a), and (2) knowingly and intentionally attempting to possess with intent to distribute mixtures and substances containing cocaine in violation of 21 U.S.C. § 846.  On August 14, 2003, Diggs pled guilty to the second charge pursuant to a plea agreement.  Diggs moved to withdraw his guilty plea on January 12,

2009, and the court denied his motion on March 16, 2009. On April 22, 2009, the court sentenced Diggs to imprisonment for 240 months and dismissed the other count in the indictment, and entered judgment on April 24, 2009. Diggs, having waived his appellate rights as part of his plea agreement, did not file a direct appeal.

Now before the court is Diggs's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which Diggs filed on December 23, 2013.[1] The government moves to dismiss Diggs's motion as time-barred under 28 U.S.C. § 2255(f).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a person convicted of a federal crime may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the petition is successful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). In deciding a § 2255 motion, the court views the evidence "in a light most favorable to the government." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000).

A one-year period of limitation applies to a motion under Section 2255. *Id.* § 2255(f). That period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] Diggs's motion incorrectly lists the criminal case number as 1:02-cr-719-2. That was a separate criminal proceeding before Judge Holderman, in which the court granted the government's motion to dismiss the complaint against Diggs. The correct criminal case number associated with this motion is 02 CR 1129-1.

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

## III. ANALYSIS

The court entered Diggs's judgment of conviction on April 24, 2009. Under § 2255(f)(1), his § 2255 motion had to be filed by April 24, 2010. But Diggs did not file the motion until over three and a half years later, on December 23, 2013.

Diggs argues that his motion is timely under § 2255(f)(4), which is "effectively a tolling statute" [2] that allows the statute of limitations "to begin to run later, namely on 'the date on which the facts supporting the claim or claims presented [by the motion] could have been discovered through the exercise of due diligence.'" *Clarke v. United States*, 703 F.3d 1098, 1099-1100 (7th Cir. 2013) (quoting 28 U.S.C. § 2255(f)(4)). In his reply, Diggs tells the court that "since the facts and law relevant to the filing of said motion could not have come to the attention of this Movant until proper and timely research could be prepared and the motion properly mailed to the court," his motion is timely under § 2255(f)(4). He argues that a legal education takes at least seven years to complete, and that the court should excuse him for taking four and a half years to research his case.

---

[2]      The government suggests, and Diggs agrees, that the one-year statute of limitations in § 2255(f) is a jurisdictional limitation. (Gov't Mot. at 4; Reply at 1). The parties are mistaken. "[T]he statute of limitations in section 2255 is just that—a statute of limitations, not a jurisdictional limitation, and so it can be tolled." *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013).

The court construes Diggs's motion liberally because he proceeds pro se.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  This rule directs the court to make allowance for a pro se litigant's lack of sophistication about the law on what facts are relevant to a viable claim. It merely requires him to describe his claim as best he can and to do so within the governing statute of limitations.

Construing Diggs's motion liberally, the court understands Diggs to argue that the one-year statute of limitations should be tolled because it took him time to learn the relevant law to file his 28 U.S.C. § 2255 motion.  *Accord Tyler v. United States*, No. 12 C 9863, 2013 WL 997570, at *2 (N.D. Ill. Mar. 13, 2013).  A petitioner asking the court to equitably toll a statute of limitation "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 404, 418 (2005).

Diggs is not entitled to equitable tolling for the time it took him to learn the relevant law to file his motion.  "Ignorance of the law is not an extraordinary circumstances entitling [a § 2255 petitioner] to equitable tolling."  *Thomas v. United States*, No. 12 C 6149, 2012 WL 4738983, at *2 (N.D. Ill. Oct. 3, 2012) (citing *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002)); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (noting that the circuit courts of appeals have uniformly held that a pro se petitioner's ignorance of the law is not an extraordinary circumstance warranting equitable tolling).  The court is sensitive to the fact that researching for and composing a § 2255 motion can be a time-consuming process, especially for a pro se prisoner with no formal legal training.  *See Ryan v. United States*, 657 F.3d 604, 608 (7th Cir. 2011) (noting that in the § 2255(f)(4) context, "courts may consider the effect of prison life on one's ability to communicate with counsel and the courts when determining the level of

diligence exercised by a prisoner"). But equitably tolling the statute of limitations based on a pro se petitioner's ignorance of the law would render § 2255(f) essentially meaningless. Accordingly, the court cannot allow Diggs to file his motion after expiration of the one-year statute of limitations based on his ignorance of the law.

Diggs also asserts that "the facts relied on to prepare his Section 2255 motion could not have been discovered through due diligence before the time they actually were." (Reply at 5.) Even construing Diggs's motion liberally, the court cannot identify what facts Diggs refers to, when he actually discovered them, or why Diggs was not able to timely identify those facts. The grounds set forth in this motion essentially mirror those set forth in Diggs's motion to withdraw his guilty plea. If any new facts were discovered, it is unclear what those facts were. The court finds no reason to allow Diggs to circumvent the one-year statute of limitations in 28 U.S.C. § 2255(f)(1). Accordingly, the court denies the motion.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.


ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:  April 23, 2014